IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, Plaintiff, vs. CITY OF OMAHA, Defendant. | 8:21CV339 **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

In her 50-page Complaint, Plaintiff airs a long list of grievances against the City of Omaha and 25 other Defendants "under a 8.2 suit [*sic*] against Defendants in their individual and official capacity under Bivens 28 U.S. Code Chapter 171 (act under color of federal law), 42 U.S.C. 1983, Title 18-Crimes and Criminal Procedure; Title 25-lndians; Title 42-Public Health and Welfare, Ne. Stat.§ 76-1431(1). Retaliation Eviction, anti trust law, No Knock Search Warrant, Sherman Act (15 U.S.C. 1 et seq.), the Clayton Act (15 U.S.C. 12 et seq.), and the Federal Trade Commission Act (15 U.S.C. 41 et seq.), Fourth Amendment Right, Violation of Federal Rule 11, (RLUIPA), 42 U.S.C. §§ 2000cc, et seq., ... 17 U.S. Code § 1202 - Integrity of copyright management inform, 25 CFR § 11.402 - Terroristic threats, 28 U.S. Code § 1605 -General exceptions to the jurisdictional immunity of a foreign state, 28-511, Ne. Stat 28-511 Theft by unlawful taking or disposition, RICO Act. etc...." (Filing 1 at 3, 11,12). In addition, Plaintiff cites "81-8,209 State Tort Claims Act" (Filing 1 at 5), Indian Treaties Rights" (Filing 1 at 5, 11), "FED. Rule 11, … and the Canon Law Code of Conduct for U.S. Judges" (Filing 1 at 11), "The Espionage Act" (Filing 1 at 12), "Chapter 75 of title 5 of the U.S. Code" (Filing 1 at 13-14), "the Federal Tort Act et al." (Filing 1 at 14), and "the 6th Article of the U.S. Constitution" (Filing 1 at 15).

Essentially, Plaintiff is complaining she was evicted from an Omaha residence and alleged "religious study site," as ordered by the County Court of Douglas County, Nebraska, and carried out by the Douglas County constable with the assistance of Omaha police officers. In addition to suing the City of Omaha on a *respondeat superior* theory of liability, Plaintiff sues three county court judges (Defendants Lohaus, Lowe, and Vaughn), the clerk of the county court and the judicial administrator (Defendants Carlisle and Murtaugh), the Douglas County constable (Defendant Ross), six Omaha police officers who assisted in Plaintiff's eviction on various dates[1] (Defendants Porter, Tyler, Overton, Roe, Taylor, and Eaton), the Omaha chief of police (Defendant Schmaderer) for failing to train the officers, the commanding officer for the Northwest Precinct (Defendant Rich), and

---

[1] Although the writ of restitution was executed on August 26, 2019, Plaintiff returned to the premises and was cited for trespassing before finally being removed on September 16, 2019.

various public officials who allegedly did not respond to Plaintiff's telephone calls or otherwise come to her aid, including a deputy chief of police (Defendant Kanger), the director of the Omaha Department of Human Rights and Relations (Defendant Thompson), the Omaha mayor (Defendant Stothert), a state senator (Defendant Wayne), the Douglas County sheriff and two deputies (Defendants Dunning, Parizek, and Kramer), the Nebraska Attorney General (Defendant Peterson), and the United States Marshal (Defendant Kracl).

In unrelated claims, Plaintiff also sues the Metropolitan Utilities District over a disputed water bill and the Omaha Municipal Land Bank for claiming title to a different property. These Defendants are improperly joined in this action because the claims do not arise out of the same transaction or occurrence, *see* Fed. R. Civ. P. 20(a)(2), and it is apparent the court does not have original jurisdiction over either claim under 28 U.S.C. §§ 1331 and 1332. Thus, they will be dismissed.

Plaintiff has filed other lawsuits in this court regarding the eviction. In the first case, filed on May 8, 2019, the same date a first eviction action was dismissed in state court, plaintiff sued the property owners' attorney, one of the property owners, the Douglas County Court clerk's office, a county court judge, and the Omaha city clerk. The court conducted an extensive initial review of Plaintiff's complaint in that case and concluded there was no subject-matter jurisdiction. *See Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789 (D. Neb. June 13, 2019). The court *sua sponte* gave Plaintiff leave to amend, but dismissed the action on July 30, 2019, when her amended pleadings failed to establish subject-matter jurisdiction. See Filing 12 in Case No. 8:19CV206 (July 30, 2019). The Eighth Circuit affirmed the preservice dismissal. *See Knight v. Chatelain*, 798 F. App'x 971 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1242 (2021).

A second case was filed on August 25, 2021, against the property owners. See Case No. 8:21CV326. It was dismissed after Plaintiff failed to sign the complaint.

The instant case was filed on September 1, 2021. Shortly thereafter, Plaintiff's fourth and fifth cases were filed. In one of these cases, Plaintiff again sued the property owners' attorney, citing several federal statutes (RICO, Federal Trade Commission Act, Bankruptcy Act, Fair Debt Collection Act, and Fair Housing Act) and constitutional provisions (Supremacy Clause, Commerce Clause, Treaty Clause,

and First Amendment), none of which had any application to the facts alleged in her complaint, and some of which could never give rise to a private cause of action under any circumstances. *See Knight v. Chatelain*, No. 8:21CV378, 2021 WL 4805177, at *2 & nn. 3, 4 (D. Neb. Oct. 14, 2021). For that reason, and because the *Rooker-Feldman* doctrine was also determined to deprive the court of any subject-matter jurisdiction, the case was dismissed without prejudice. *See id.* The other case, as to which the court has yet to conduct its initial review, is a RICO action brought against an individual who allegedly acted for the property owners in evicting Plaintiff.

A sixth case was filed on October 14, 2021, against the property owners. The complaint, which included a day-by-day account of extraneous information, a list of 42 constitutional and statutory provisions, and 2 pages of legal references, plus 58 pages of exhibits, was determined not to comply with federal pleading practice. *See Knight v. Phillips*, No. 8:21CV408, 2021 WL 4941812, at *3 (D. Neb. Oct. 22, 2021). On review of Plaintiff's amended pleading, however, the court authorized the case to proceed to service of process on state-law claims for breach of contract and conversion. *See Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022).

The instant case suffers from the same sort of pleading defects as Case Nos. 8:19CV206 and 8:21CV378. None of the state and federal statutes, constitutional provisions, regulations, codes, or legal concepts string-cited by Plaintiff give rise to a plausible claim on the facts alleged.

The closest Plaintiff comes to stating a claim is alleging that the Douglas County constable and Omaha police violated the Fourth Amendment, which protects against unreasonable seizures. The Eighth Circuit has held, however, that law enforcement officers do not violate the Fourth Amendment when they seize property pursuant to facially-valid writ of execution. *See Coonts v. Potts*, 316 F.3d 745, 750-51 (8th Cir. 2003) (deputies' actions in conducting levy on property under a "facially-valid writ of execution" was a reasonable seizure under the Fourth Amendment despite challenges to the writ's lawfulness); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536-37 (8th Cir. 1999) (deputy's erroneous seizure of boat and trailer while acting pursuant to a writ of execution did not support a viable Fourth Amendment claim).

4

Plaintiff's allegations that city, county, state, and federal officials failed to return her calls or respond to her complaints do not show there was any actionable wrongdoing, let alone a constitutional violation. These claims are patently frivolous. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("A complaint is frivolous when it lacks an arguable basis in either law or fact.").

And, as to the county judges and court staff, while Plaintiff lists reasons why she thinks the eviction order was unlawful, these are all issues which could have been raised in state court. The *Rooker-Feldman* doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging "injury caused by the state-court judgment and seeking review and rejection of that judgment." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Plaintiff's pleading also fails to show these Defendants would not be entitled to judicial or quasi-judicial immunity for their actions. *See Knight v. Chatelain*, 2019 WL 2464789, at *4.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff will not be granted leave to amend her Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a Rule 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment shall be entered by separate document.

DATED this 9th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

5